FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -6 P 2:23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

<u>WILLIAMS LAND CO., LLC</u>                                   CIVIL ACTION

versus                                                          No. 02-1628

<u>BELLSOUTH TELECOMMUNICATIONS, INC.</u>                        SECTION: E/4

consolidated with

<u>RATHBORNE LAND CO., LLC</u>                                   CIVIL ACTION

versus                                                          No. 02-1629

<u>BELLSOUTH TELECOMMUNICATIONS, INC.</u>                        SECTION: E/4

### RULING ON MOTIONS

The following motions were submitted to the Court on January 18, 2006:

1) Williams Land Company, LLC, and Rathborne Land Co., LLC's (collectively, "Petitioners") motion in limine regarding BellSouth Telecommunications, Inc.'s ("BellSouth") expropriation counter claim (rec. doc. 85);

2) BellSouth's motion in limine to exclude evidence of its profits (rec. doc. 86);

3) BellSouth's motion in limine to exclude the testimony of Stuart Wood (rec. doc. 87);

4) BellSouth's motion for summary judgment on title (rec. doc. 88);

5) BellSouth's motion for judgment on the pleadings (rec. doc. 89);

6) BellSouth's motion to strike affidavit of Rudy C. Sparks (rec. doc. 106);

7) BellSouth's motion to strike affidavit of Randall E. Ward (rec. doc. 108);

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No.____

8)   BellSouth's motion to strike affidavits of George T. Wogan (rec. doc. 109); and

9)   BellSouth's motion to strike affidavit of Gregory C. Lier (rec. doc. 110).

After considering the party's memoranda, the evidence, and the law, the Court is prepared to rule on the motions.

### FACTS AND PROCEDURAL BACKGROUND

Petitioners each filed a Petition for Permanent Injunction and Damages in state court alleging that BellSouth had placed cables and fibre optic lines for use in its business operations on property owned by Petitioners without their knowledge, consent or permission. The property is a narrow strip of land about six miles in length between U.S. Highway 51 on the west and the Illinois Central Railroad track on the east, between the towns of Pontchatoula to the north and Manchac to the south, in Tangipahoa Parish. The Petitions allege that the land upon which BellSouth's cables and fibre optic lines were located "has been under the exclusive possession and ownership" of petitioners or their predecessors in title for in excess of sixty years. *See* Williams Petition, ¶ 7; Rathborne Petition, ¶ 6.

Williams' Petition, at ¶ 2, describes its affected property as part of Section 30, all of Section 31, and all of Section 32 "west of the Illinois Central Railroad" within Township 7 South, Range 8 East; and all of Section 8 "west of the Illinois Central Railroad", all of Section 20, and all of Section 21 "west of the

2

Illinois Central Railroad" within Township 8 South, Range 8 East. Rathborne's Petition, at ¶ 2, describes its affected property as "all or portions of Sections 5 and 17, Township 8 South, Range 8 East." Petitioners ask for damages for BellSouth's trespass upon petitioners' property, and for its taking of their property without compensation. BellSouth removed the actions to federal court.

Because BellSouth's motion for summary judgment on title may be dispositive, that motion will be considered first. The challenged affidavits were attached as exhibits to Petitioners' memorandum in opposition to BellSouth's motion for summary judgment on title, and will be addressed as necessary.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986). An issue is material if its resolution could affect the outcome of the action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party "is not required to present evidence proving the absence of a material fact issue." Boudreaux v. Swift Transp. Co., 402 F.3d 536, 544 (5th Cir. 2005). Rather, the movant may meet its burden "by simply

'pointing to an absence of evidence to support the nonmoving party's case.'" Id., *quoting* Armstrong v. Am. Home Shield Corp., 333 F.3d 566, 568 (5th Cir. 2003). Alternatively, where, "as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting ... evidence negating the nonmoving party's claim ... ." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

"If the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of material fact." Burge v. Parish of St. Tammany, 187 F.3d 452, 465 (5th Cir. 1999). The nonmoving party then "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996). The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations." Id.

"On a motion for summary judgment in a case such as this one, where the Court would act as the ultimate trier of fact, the Court is permitted to draw inferences from the evidence so long as the inferences do not involve issues of witness credibility or disputed material facts." Wynne v. United States, 306 F. Supp.

2d 660, 664 (N.D. Tex. 2004). "Furthermore, disputes over the legal inferences to be gleaned from the facts in evidence will not prevent summary judgment; thus, where a nonmovant merely debates the consequences flowing from admitted facts, summary judgment is proper." <u>Burlington No. & Santa Fe Railway Co. v. Brotherhood of Maintenance of Way Employees</u>, 93 F.Supp 2d 751, 756 (N.D. Tex. 2000), *citing* <u>Beck v. Somereset Techs., Inc.</u>, 882 F.2d 993, 998 (5th Cir. 1989).

## **ANALYSIS**

The petitioners here have asserted claims against BellSouth for trespass and for a taking of their property without adequate compensation. Petitioners' ownership of that property is an essential element of the trespass action, and as a threshold matter, petitioners have the burden of proving their ownership of the property. <u>Jackson v. Jackson</u>, 818 So.2d 192, 196 (La. App. 1st Cir. 3/6/02), *citing* <u>Bennett v. Louisiana Pacific Corp.</u>, 693 So.2d 1319, (La. App. 2nd Cir. 5/9/97).

In considering the motion for summary judgment on title, the Court considered only evidence of statutory acts and conveyances from the public records of Tangipahoa Parish.[1] In 1853, the

---

[1] In their opposition to BellSouth's motion for summary judgment on title, Petitioners attached as exhibits five Affidavits, including two Affidavits of George T. Wogan, Jr., at Exs. A and K. BellSouth moved to strike all of the Affidavits. Its memorandum in support of the motion to strike Mr. Wogan's Affidavit at Ex. A argues that the Affidavit should be

Case 2:02-cv-01628-ML-SS   Document 130   Filed 02/06/06   Page 6 of 11

State of Louisiana chartered the New Orleans, Jackson and Great Northern Railroad Company[2], and authorized the company to build a railroad from New Orleans to Jackson, Mississippi.  The Charter expressly granted the Company "the right of way through all lands owned by the State of Louisiana, to the extent of one hundred and fifty feet on each side of said road...."  See Ex. D to BellSouth's memorandum in support of its motion for summary judgment (BellSouth's memorandum), a copy of the Act.  Once built, in part across portions of the property at issue here, the railroad became a landmark for describing property boundaries in the area.[3]

---

stricken because he had not been previously or timely identified by Petitioners as a witness in this proceeding.  The Court disagrees.  Mr. Wogan's Affidavit at Ex. A is offered in rebuttal to BellSouth's challenge to Petitioners' title to the property at issue.  Petitioners are entitled to rebut BellSouth's motion for summary judgment on title, which was filed long after the time for identifying witnesses had run.  Mr. Wogan is a professional land title abstractor who has 25 years of experience.  His Affidavit at Ex. A merely identifies and authenticates copies of documents contained in the public records of Tangipahoa Parish, which the Court considered in ruling on the motion.

[2] The Illinois Central Railroad Company is the successor to the originally chartered railroad company.

[3] The title documents in the public record variously describe the boundary of the property at issue as lying east or west of the Illinois Central Railway, the Illinois Central Railroad tracks, or the Illinois Central Railroad.  The Court finds BellSouth's argument and legal analysis at page 5 of its Reply Memorandum to be persuasive, concluding that "when property is described as bounded by a railroad and the deed does not indicate to the contrary, the boundary is deemed to be the right-of-way line of the railroad and not the centerline", citing Culligan Water Cond., Inc. v. Watson, 370 So.2d 129 (La. App. 2d Cir. 1979); Hanks v. Stutes, 85 So.2d 362 (La. 1st Cir. 1956); and Consolidated Cos. Inc. v. Haas Land Co., Ltd., 153 So. 6 (1933)(on rehearing).

6

The State of Louisiana eventually sold the property through which the railroad had been built. On May 24, 1900, William Kent conveyed to William T. Joyce (a predecessor of the Joyce Foundation) and Hackley & Hume, acreage in Tangipahoa Parish that included, in Township 8 South, Range 8 East, the following property:

> west half of the west half of section Five (5) ... , all that portion of section eight (8) and seventeen (17) **lying west of the Illinois Central Railway**[4], ... west half of the East half and the west half of Section twenty (20), that portion of the West half of the West half of section twenty one (21) **lying west of the Illinois Central Railway** ....

On June 27, 1900, the Southern Cypress Company conveyed to William T. Joyce and Hackley & Hume acreage in Tangipahoa Parish that included:

> East one quarter (1/4) of Section Five (5), all that of section eight (8) **lying east of the Illinois Central Railroad tracks,** ... all of section seventeen (17) **lying east of the Illinois Central Railroad tracks,** all of the west one half (½) of the west one half (½) **lying east of the Illinois Central Railroad tracks,** ... in Township Eight (8) South of Range Eight (8) East Greensburg land District Louisiana...."

Both conveyances were recorded in the records of Tangipahoa Parish on July 24, 1900. *See* Ex. A, Petitioners' opposition

---

[4]The emphasis in all property descriptions is supplied by the Court.

memorandum.

On October 27, 1925, the Chicago, St. Louis & New Orleans Railroad Company (successor to the New Orleans, Jackson and Great Northern Railroad Company) granted an easement for public highway purposes to the Louisiana Highway Commission.  See Ex. F, BellSouth memorandum.  The easement was described in part as follows:  "Being a right of way extending across property **owned** by said railroad company in Sections 29 and 30, Township 7, south, Range 8 east; Sections 5, 8, 17, 20, 28 and 33, township 8, south, Range 8, east ...."

On April 13, 1925, William T. Joyce Co. conveyed to Williams Lumber Co., Inc., acreage that included the property in dispute here, described as including in Township 8 South, Range 8 East, a portion of Section 21 **"lying West of Illinois Central Railway."**  See Ex. F, Petitioners' opposition memorandum.  On June 10, 1926, William T. Joyce Co. conveyed to Williams Lumber Co., Inc., acreage that included the property in dispute here, described as including in Township 7 South, Range 8 East, a portion of Section 32 **"lying West of Illinois Central Railway"**, and additional acreage in Section 21 **"lying West of Illinois Central Railway"** in Township 8 South, Range 8 East.  The conveyances were recorded in the records of Tangipahoa Parish on September 26, 1934, at COB

138, pages 10-13. The property descriptions were repeated when Williams Lumber Company, Inc., sold the property to Williams, Inc., on June 1, 1940, recorded in the records of Tangipahoa Parish on June 3, 1940, at COB 160, page 559. Id.

On October 12, 1982, The Joyce Foundation executed a Donation to the State of Louisiana that included the following described property:

<u>Township 7 South, Range 8 East</u>

Section 32        Southwest quarter of Northwest Quarter, and Southwest quarter of Section bounded on the West, now or formerly, by lands of Williams, Inc., **including that beneath the Illinois Central Gulf Railroad R/W**[5]         119.54

<u>Township 8 South, Range 8 East</u>

Section 5         All that part of Section bounded on the West, now or formerly, by lands of Williams, Inc., **including that beneath the Illinois Central Gulf Railroad R/W**         383.42

Section 8[6]       All that part of section lying east of

---

[5] Petitioners argue that the phrase "bounded on the West, now or formerly, by lands of Williams, Inc., including that beneath the Illinois Central Gulf Railroad R/W" should be interpreted to mean that the land beneath the railroad right-of-way was actually owned by Williams, Inc., and was excluded from that land donated to the State by The Joyce Foundation. The Court disagrees. Considering the language of the Donation as a whole, the logical conclusion is that the land donated to the State expressly includes that beneath the railroad right-of-way. The reference to the "bounded on the West, now or formerly, by lands of Williams, Inc." is merely a reference to the western boundary of the donated land being the eastern boundary of land owned by Williams, Inc.

[6] The description of the portion of Section 8 <u>included</u> in the Donation to the State of Louisiana is the same as that <u>excluded</u> by the Donation: "All [that part of Section 8] lying east of Illinois Central Gulf Railroad 220.92". The Court must assume that one of these two descriptions is erroneous.

|  |  |  |
|---|---|---|
|  | Illinois Central Railroad R/W | 220.92 |
| Section 17 | All that part of Section bounded on the West, now or formerly, by lands of Williams, Inc., **including that beneath the Illinois Central Gulf Railroad R/W** | 85.78 |
| Section 21 | All that part of Section bounded on the West, now or formerly, by lands of Williams, Inc., **including that beneath the Illinois Central Gulf Railroad R/W** | 580.42 |

*See* Ex. E, BellSouth memorandum.

The Petitioners argue that a factual dispute regarding the title to the property should preclude summary judgment. It is not this Court's task to determine the ownership of the property at issue; it is to determine whether BellSouth has produced evidence that raised a genuine dispute regarding Petitioners' claim of clear title to the claimed property. In this trespass and taking action, the Petitioners bear the threshold burden of proving ownership of the property to which they claim title. Based on the property descriptions in the conveyances in the public records of Tangipahoa Parish, the Court finds that Petitioners, the State of Louisiana, and the Illinois Central Railroad each may have a colorable claim to title of the strip of land between State Highway 51 on the west and the Illinois Central Railroad track on the east, between Pontchatoula and Manchac in Tangipahoa Parish. BellSouth is entitled to summary judgment. If Petitioners can prove clear title to the claimed property, they may refile their trespass and taking claims.

Accordingly,

**IT IS ORDERED** that BellSouth's motion for summary judgment on title (rec. doc. 88) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioners' motion in limine regarding BellSouth's expropriation counter claim (rec. doc. 85); and BellSouth's motion in limine to exclude evidence of its profits (rec. doc. 86), motion in limine to exclude the testimony of Stuart Wood (rec. doc. 87), motion for judgment on the pleadings (rec. doc. 89), motion to strike affidavit of Rudy C. Sparks (rec. doc. 106), motion to strike affidavit of Randall E. Ward (rec. doc. 108), motion to strike affidavits of George T. Wogan (rec. doc. 109), and motion to strike affidavit of Gregory C. Lier (rec. doc. 110), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Williams Land Company, Inc.'s Petition for Permanent Injunction and Damages, C.A. No. 02-1628, and Rathborne Land Company, Inc.'s Petition for Permanent Injunction and Damages, C.A. No. 02-1629, **BE AND ARE HEREBY DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, February 6, 2006.

_____
MARCEL LIVAUDAIS, JR.
United States District Judge